# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CALVIN PHILLIPS <br> 1025 Mahanoy St. <br> Trevorton, PA 17881 <br><br> Plaintiff, <br> v. <br><br> GREAT DANE LIMITED PARTNERSHIP <br> 207 Progress Rd. <br> Elysburg, PA 17824 <br><br> Defendant. | CIVIL ACTION <br><br> DOCKET NO.: <br><br> **JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Calvin Phillips (*hereinafter* referred to as "Plaintiff," unless indicated otherwise), by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1. This action has been initiated by Plaintiff against Great Dane Limited Partnership (*hereinafter* referred to as "Defendant") for violations of the Americans with Disabilities Act, as amended ("ADA" - 42 USC §§ 12101 *et. seq.*), the Family and Medical Leave Act ("FMLA - 29 U.S.C. §2601 *et. seq.*), Title VII of the Civil Rights Act of 1964 ("Title VII - 42 U.S.C. §§ 2000d *et. seq.*), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" - 42 U.S.C. § 1981), and the Pennsylvania Human Relations Act ("PHRA").[1] Plaintiff asserts, *inter alia*, that he was unlawfully terminated from Defendant. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claim under the PHRA is referenced herein for notice purposes. He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC. Plaintiff must however file his lawsuit in advance of same because of the date of issuance of his federal right-to-sue letter under the ADA and Title VII. Plaintiff's PHRA claims however will mirror identically his federal claims under the ADA and Title VII.

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§1331 and 1343(a)(4) because it arises under laws of the United States and seeks redress for violations of civil rights under the FMLA, the ADA, and Title VII.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. §1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed said charge with the Pennsylvania Human Relations Commission ("PHRC"). Plaintiff has properly exhausted his administrative proceedings before initiating this action by timely filing and dual-filing his Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving a right-to-sue letter from the EEOC.

## PARTIES

6. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

7. Plaintiff is an adult individual, with an address as set forth in the caption.

2

8. Defendant Great Dane Limited Partnership is a corporation based out of Chicago, IL that manufactures and distributes commercial transportation equipment. Plaintiff physically worked at Defendant's Elysburg, PA location (as identified in the above-captioned address)

9. At all times relevant herein, Defendant acted by and through its agents, servants and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

10. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

11. Plaintiff is a black, African-American male.

12. Plaintiff was employed with Defendant for approximately 18 months as a laborer.

13. Throughout his tenure with Defendant, Plaintiff was a dedicated and hard-working employee.

14. However, while employed with Defendant, Plaintiff was subjected to discriminatory treatment because of his race by Defendant's management, including but not limited to Bob Fischer and Walter Britton (who were upon information and belief were both supervisors/team leads).

15. For example, unlike Plaintiff's non-black co-workers, he was treated in a rude and condescending manner, had policies selectively enforced against him, and was subjected to derogatory remarks about his race.

16. The aforesaid racially derogatory comments that Plaintiff was subjected to included but were not limited to being called a "nigger" and a "monkey" on several occasions.

3

17. Shortly before his termination from Defendant (discussed further *infra*), Plaintiff complained to Defendant's Human Resources ("HR") Department and Brad (last name unknown) – Plant Manager, about the discriminatory treatment that he was being subjected on the basis of his race.

18. Upon information and belief, Defendant never properly investigated or resolved Plaintiff's aforesaid concerns of racial discrimination and he continued to be subjected to discriminatory harassment (based on his race).

19. In or about the Spring of 2017, Plaintiff was diagnosed with cancer, a disability which (at times) limited his ability to perform some daily life activities, including but not limited to working and performing manual tasks.

20. In or about May of 2017, Plaintiff informed Shayla Nowakoski (HR Representative) and Defendant's management, including but not limited to Nate Stahl (Supervisor) that he had been diagnosed with cancer and that he would need time off in the near future to undergo surgery related to his health condition (FMLA-qualifying leave and a reasonable accommodation under the ADA).

21. After informing Defendant's HR department and management of his aforesaid cancer diagnosis and his need for imminent medical leave, Plaintiff inquired about FMLA and requested FMLA paperwork for the time that he would be out of work.

22. In close proximity to when he complained of race discrimination and apprised Defendant's management of his disability and need for reasonable accommodations, Plaintiff was suspended and eventually terminated from his employment with Defendant.

23. On or about July 24, 2017, Plaintiff was terminated from his employment after an approximate 3-4 day suspension for completely pretextual and selectively enforced reasons.

4

24. Plaintiff believes and therefore avers that he was really suspended and ultimately terminated because of his race, disabilities, complaints of discrimination, and/or needs/requests for reasonable medical accommodations.

### Count I
### Violations of the Americans with Disabilities Act, as Amended ("ADAAA")
### (Actual/Perceived/Record of Disability Discrimination & Retaliation)

25. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

26. Plaintiff suffered from qualifying health conditions under the ADA (as amended) which affected his ability (at times) to perform some daily life activities.

27. Plaintiff requested reasonable accommodations from Defendant, including but not limited to imminent FMLA-qualifying medical leave.

28. Shortly after apprising Defendant's management and HR department of his cancer diagnosis and need for imminent medical leave (under the FMLA), Plaintiff was suspended and ultimately terminated from his employment in July of 2017 for completely pretextual reasons.

29. Plaintiff believes and therefore avers that Defendant discriminated against him by suspending him and then ultimately terminating his employment because of: (1) his known and/or perceived health problems; (2) his record of impairment; and/or (3) his requested medical accommodations, which constitutes unlawful retaliation.

30. These actions as aforesaid constitute violations of the ADAAA.

### Count II
### Violations of the Family and Medical Leave Act ("FMLA")
### (Interference and Retaliation)

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. Plaintiff was an eligible employee under the definitional terms of the FMLA, 29 U.S.C. § 2611(a)(i)(ii).

33. Plaintiff requested leave from Defendant, his employer, with whom he had been employed for at least twelve months pursuant to the requirements of 29 U.S.C.A § 2611(2)(i).

34. Plaintiff had at least 1,250 hours of service with the Defendant during his last full year of employment.

35. Defendant is engaged in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of the twenty (20) or more calendar work weeks in the current or proceeding calendar year, pursuant to 29 U.S.C.A § 2611(4)(A)(i).

36. Plaintiff was entitled to receive leave pursuant to 29 U.S.C.A § 2612 (a)(1) for a total of twelve (12) work weeks of leave on a block or intermittent basis.

37. Defendant committed interference and retaliation violations of the FMLA by: (1) suspending and terminating Plaintiff for requesting FMLA leave/paperwork; (2) by considering Plaintiff's FMLA leave needs in making the decision to issue to suspend and/or terminate him; (3) suspending and/or terminating Plaintiff to prevent him from taking FMLA-qualifying leave in the future; and (4) refusing to provide Plaintiff with the FMLA paper work he requested and/or any notice of his individualized FMLA rights.

38. These actions as aforesaid constitute violations of the FMLA.

### Count III
### Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
([1] Racial Discrimination; [2] Retaliation; [3] Hostile Work Environment)

39. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

40. Plaintiff believes and therefore avers that he was terminated from Defendant because of his race and/or because he complained of racial discrimination to Defendant's management and HR department.

41. Plaintiff was also subjected to a hostile work environment during his period of employment due to his race and/or complaints of racial discrimination through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards him.

42. Plaintiff complained of racial discrimination to Defendant's management and HR department; however, they failed to properly investigate or resolve Plaintiffs concerns in any meaningful way and Plaintiff continued to be subjected to racial discrimination.

43. These actions as aforesaid constitute violations of Title VII.

**Count IV**
**Violations of Section 1981 of the Civil Rights Act of 1866 ("Section 1981")**
**([1] Racial Discrimination; [2] Retaliation; [3] Hostile Work Environment)**

44. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45. Upon information and belief, Plaintiff was terminated from Defendant because of his race and/or because he complained of racial discrimination to Defendant's management and HR department.

46. Plaintiff was also subjected to a hostile work environment during his period of employment due to his race and/or complaints of racial discrimination through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards him.

47. Plaintiff complained of racial discrimination to Defendant's management and HR department; however, they failed to properly investigate or resolve Plaintiffs concerns in any meaningful way and Plaintiff continued to be subjected to racial discrimination.

48. These actions as aforesaid constitute violations of Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/retaliating against employees and are to be ordered to promulgate an effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered retaliation/discrimination at the hands of Defendant until the date of verdict;

C. Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) alleged asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress;

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

F. Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

G. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

KARPF, KARPF & CERUTTI, P.C.

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Building 2, Ste. 128
Bensalem, PA 19020
(215) 639-0801

Dated: February 15, 2018